39 F.3d 1176
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Deborah COLEY, Plaintiff-Appellant,
v.
HERCULES, INCORPORATED, Defendant-Appellee.
 No. 94-1207.
 United States Court of Appeals, Fourth Circuit.
 Argued September 27, 1994.
Decided October 28, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Chief District Judge. (CA-93-43-R)
 ARGUED: Arthur Patrick Strickland, Arthur P. Strickland, P.C., Roanoke, VA, for Appellant.
 ARGUED: Margaret Elizabeth Stone, Stone, Hamrick, Harrison & Turk, P.C., Radford, Va. ON BRIEF: Edwin C. Stone, Stone, Hamrick, Harrison & Turk, P.C., Radford, VA, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before WILKINSON, HAMILTON and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Deborah Coley was employed by appellee Hercules, Inc., as an accounting specialist, and served as treasurer of an employee social club known as the "Herc Club." An audit of 1990 Herc Club finances revealed that Coley had failed to maintain adequate records of expenses and reimbursements, and that over $5000 was unaccounted for. J.A. at 578. When Coley could neither help locate nor account for the missing money, Hercules fired her. Coley brought suit against Hercules under Title VII, alleging that her firing amounted to sex discrimination. The district court granted Hercules' motion for summary judgment, holding that Coley had failed to establish a prima facie case of sex discrimination. Coley now appeals.
 
 
 2
 Under Moore v. City of Charlotte, 754 F.2d 1100, 1105-06 (4th Cir.), cert. denied, 472 U.S. 1021 (1985), a plaintiff alleging unlawful discrimination must first establish a prima facie case of discrimination by showing "(1) that plaintiff engaged in prohibited conduct similar to that of a person of another race, color, sex, religion, or national origin, and (2) that disciplinary measures enforced against the plaintiff were more severe than those enforced against the other person." See also Johnson v. Burnley, 887 F.2d 471, 479 (4th Cir.1989) (applying Moore requirements in sex discrimination case). Moore and Johnson both define "similar" conduct as conduct that is of "comparable seriousness." Moore, 754 F.2d at 1107; Johnson, 887 F.2d at 479.
 
 
 3
 Coley alleged that three male employees of Hercules--David Price, Caudell Blackburn, and Rodney McPherson--were as negligent as she was in handling Herc Club funds, yet were not fired. The district court rejected this claim, ruling that "[a]s a matter of law plaintiff has not shown that the conduct of McPherson, Blackburn, and Price was 'similar' to or of 'comparable seriousness' with Coley's negligent acts." Opinion of the District Court at 19. We reach the same conclusion.
 
 
 4
 As the district court properly recognized, "none of the three male employees whose misconduct is cited by plaintiff were [sic] trained or employed as bookkeepers--as was plaintiff." Id. at 3. Coley was an accounting specialist, whereas Price was a laboratory technician, Blackburn a maintenance foreman, and McPherson a carpenter. J.A. at 574-75. Deficient recordkeeping by an accounting specialist is obviously less excusable than deficient recordkeeping by nonaccountants, and thus the male employees' misconduct, even if comparable to Coley's, would not necessarily represent misconduct of "comparable seriousness."
 
 
 5
 The "misconduct" of the three male employees (if it can even be termed that), however, was in no way comparable to Coley's sustained mismanagement of Herc Club funds. Price merely overestimated the number of employees who would be attending a single company social event--a New Year's Eve dance. Id. at 571. Blackburn failed to turn in expense receipts from fishing events he coordinated, but Hercules management concluded that no money was missing from his events. Id. at 131. McPherson was late in turning in money from two club trips he coordinated, but promptly paid the outstanding $325 when confronted by Hercules management. Id. at 578-79. Coley claims that McPherson owed $1957, rather than $325, but nothing other than her own inadequate recordkeeping supports this allegation. Price's innocent miscalculation, and Blackburn's and McPherson's inconsequential oversights pale by comparison to Coley's year-long failure to keep adequate records of club finances, which left $5000 unaccounted for.
 
 CONCLUSION
 
 6
 Because Coley has failed to establish a prima facie case of sex discrimination, we affirm the judgment of the district court.
 
 AFFIRMED